UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                          :
NEELKAMAL CHARLIE GURTU, AND
CHAT GURTU,                                               :
                                                                        06 Civ. 14255 (WHP)
                         Plaintiffs,                     :
                                                                        ORDER
              -against-                                   :

NORTHGATE TENANTS                                        :
CORPORATION et al.,
                                                          :
                         Defendants.
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

              Plaintiffs pro se bring this action under the Fair Housing Act, 42 U.S.C. § 3601 et

seq., and for unjust enrichment and other unspecified state law claims, seeking various relief

relating to a residential property in New Jersey.  For the reasons set forth below, this action is

transferred to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

              The action involves an ownership dispute between the parties over an apartment

in East Windsor, New Jersey (the "Apartment").  The Apartment, situated in a cooperative titled

"The Orchard," is operated and managed by Defendant Northgate Tenants Corporation

("Northgate").  (Complaint, dated Dec. 7, 2006 ("Compl.") ¶ 27.)  At an unspecified point in

time, Plaintiffs were approved by Northgate as lessees of the Apartment.  (Compl. ¶ 39.)

Plaintiffs also attempted to purchase the Apartment, but Northgate refused this request on the

grounds that the purchase price was too low.  (Compl. ¶ 60.)  Plaintiffs moved their belongings

to the Apartment and began renovations.  (Compl. ¶ 40.)  On January 3, 2006, Northgate filed a

complaint against Plaintiffs in New Jersey state court, alleging that Plaintiffs' maintenance and

legal fees were in arrears.  (Compl. ¶¶ 43, 45.)  On August 3, 2006, the state court entered

summary judgment in favor of Northgate, thereby extinguishing Plaintiffs' rights, title and

interest in the Apartment. (Compl. ¶¶ 51, 53.) Plaintiffs are scheduled for eviction on December

15, 2006. (Affirmation of Chat Gurtu, dated Dec. 6, 2006, ¶ 5.)

Plaintiffs seek an order directing Defendants to: (1) "Remove the 'do not enter'

notice on the entrance to the apartment so that they may enter it at all times"; (2) "Turn over to

the plaintiffs the keys to the new lock put on the door by the defendants"; (3) "If plaintiffs'

application is denied, they should be given a reasonable time of 30 days to move out"; (4)

injunctive relief preventing Defendants "from interfering in any way with plaintiffs' possession

in [the Apartment]"; and (5) attorneys' fees and costs. (Compl. ¶ 84.)

Under 28 U.S.C. § 1391, this action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants
> reside in the same State, (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the
> action is situated, or (3) a judicial district in which any defendant
> may be found, if there is no district in which the action may
> otherwise be brought.

28 U.S.C. § 1391(b). If venue in the chosen forum is improper, the Court has discretion to

dismiss the case or to transfer the case to a district in which venue is proper. 28 U.S.C. §

1406(a).

Here, §§ 1391(b)(1) and (b)(3) are clearly inapposite. This Court must therefore

determine whether, under § 1391(b)(2), "a substantial part of events or omissions giving rise" to

Plaintiffs' claim occurred in the Southern District of New York. When analyzing whether venue

is appropriate under § 1391(b)(2), this Court must conduct a two-part inquiry. First, the Court

must "identify the nature of the claims and the acts or omissions that the plaintiff alleges give

rise

to those claims." <u>Daniel v. Am. Bd. of Emergency Med.</u>, 428 F.3d 408, 432 (2d Cir. 2005). The Court must then determine "whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether 'significant events or omissions material to [those] claim[s] . . . have occurred in the district in question.'" <u>Daniel</u>, 428 F.3d at 432 (quoting <u>Gulf Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 357 (2d Cir. 2005)).

The Apartment, which is the focus of this action, is located in New Jersey. All of Defendants' alleged acts or omissions giving rise to Plaintiffs' claims occurred in New Jersey. Likewise, the Complaint alleges no relevant events that took place in the Southern District of New York. Venue in this District is therefore improper under 28 U.S.C. § 1391(a) and, pursuant to 28 U.S.C. § 1406(a), this action is transferred to the District of New Jersey. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

Dated: December 13, 2006
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copies to*:

Neelkamal Charlie Gurtu
Chat Gurtu
630 First Avenue
Apartment 17R
New York, NY 10016
*Plaintiffs <u>Pro se</u>*